# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Charles Imburgia, | : | Case No. 1:09CV2009 |
| | : | |
| Petitioner | : | Judge James S. Gwin |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Margaret Bradshaw, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his conviction pursuant to a plea of guilty to three counts of rape and two counts of unlawful sexual conduct with a minor,[1] upon which he is currently serving a sentence of an aggregate term of six years imprisonment, with an additional five years of post-release control.

After he entered his plea, but prior to sentencing, petitioner hired new counsel, who in turn filed a motion to vacate guilty plea. That motion was denied on March 2, 2006.

Petitioner's sentencing hearing was held on March 6, 2006, along with his sexual predator classification hearing, after which he was adjudicated to be a sexual predator.

On March 21, 2006, petitioner appealed his convictions to the Ohio Eighth District Court

---

[1]Petitioner was originally charged with thirty-eight counts of rape, nineteen counts of gross sexual imposition, twenty counts of sexual battery, and twenty counts of unlawful sexual conduct with a minor, but the balance of those counts were nolled upon entry of his plea.

1

of Appeals, alleging three assignments of error:

> I. The trial court erred when it denied the Appellant's motion to withdraw his pleas because they were not knowingly, intelligently and voluntarily entered.
>
> II. The trial court erred when it denied the Appellant's motion to withdraw his pleas because the Appellant was denied effective assistance of counsel at the plea hearing.
>
> III. The trial court erred when it found the Appellant to be a sexual predator because the sex offenders statute is unconstitutional.

On February 12, 2007 the appellate court affirmed the judgment of conviction and sentence.

On March 19, 2007 petitioner, now acting *pro se*, appealed the appellate court ruling to the Ohio Supreme Court alleging the following three propositions of law:

> **Proposition of Law No. I:** A trial court commits error when it denies a motion to withdraw guilty pleas when they were not knowingly, intelligently, and voluntarily entered, in violation of Article I, section 10 of the Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> **Proposition of Law No. II:** The trial court erred when it denied a motion to withdraw plea(s), when a defendant was denied effective assistance of counsel at the plea hearing, in violation of Article I, section 10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution.
>
> **Proposition of Law No. III:** The trial court erred when it found the defendant to be a sexual predator because the sex offenders statute is unconstitutional, in violation of Article I, section 5 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.

On May 4, 2007 the petitioner filed a motion for dismissal of his case, which the court granted on May 17, 2007.

On August 2, 2007, the petitioner filed an application for judicial release pursuant to Ohio Revised Code §2929.20. The respondent has represented that this motion has not yet been ruled

upon.

On April 9, 2008, the petitioner filed another motion to withdraw his plea of guilty, captioned:

> Motion for withdrawl [sic] of guilty plea pursuant to Crim. R. 32.1 and for violations of and under Article IV & VI., [sic] and the First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution and Article I., §§§ 1., 2., 3., 5., 6., 10., 11., 14., 16., and 20., [sic] of the Constitution of the State of Ohio.

On November 17, 2008 the trial court denied the motion to withdraw, citing res judicata as well as lack of merit.

On December 11, 2008 the petitioner appealed the trial court's denial of his motion to withdraw guilty plea, but the appellate court acting *sua sponte* dismissed the appeal on December 22, 2008 on res judicata grounds.

More than three months later, on March 26, 2009, the petitioner filed a motion for delayed appeal, as well as a notice of appeal to the Ohio Supreme Court, challenging the appellate court affirmance of the denial of his motion to withdraw guilty plea. On May 6, 2009, the supreme court denied his motion for delayed appeal and dismissed the appeal.

On August 27, 2009, the petitioner filed the instant *pro se* petition, in which he raises the following three claims for relief:

    **A.**    **GROUND ONE:** The defendant's guilty pleas were invalid since the trial court failed to advise him of mandatory post-release control, and the consequences of violating post-release control.

    **B.**    **GROUND TWO:** The defendant's motion to vacate his plea prior to sentencing should be freely allowed.

3

    **C.    GROUND THREE:** For violations of and under Article IV. & VI., and the First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution and Article I., §§§ 1., 2., 3., 5., 6., 10., 11., 14., 16., and 20., [sic] of the [Constitution of the] State of Ohio.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 (d)(1) provides in part that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired.

Section 2244(d)(2) further specifies: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In order for a pleading to have been "properly filed" as contemplated by this section, its delivery and acceptance must have been in accordance with the state laws and ruling governing such filings, including the requirements for timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000); Walker v. Smith, 360 F.3d 561, 563 (6th Cir. 2004). However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In the present case petitioner's conviction became final on May 17, 2007, when the Ohio

Case: 1:09-cv-02009-JG  Doc #: 9  Filed: 12/09/09  5 of 7.  PageID #: 571

Supreme Court granted his motion to dismiss, in which he voluntarily abandoned the arguments raised on appeal of the lower appellate court's affirmance of his conviction and sentence.  The limitations period began to run on the following day.

The application for judicial release pursuant to Ohio Revised Code §2929.20, filed by petitioner on August 2, 2007, did not toll the running of the AEDPA limitations period, as it did not seek collateral review of the underlying conviction or sentence that resulted in petitioner's incarceration.

> "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for...collateral review of the judgment or claim." *Witkowski v. Vasbinder, No. 04-CV-74232-DT, 2006 U.S. Dist. LEXIS 13363, 2006 WL 618891, at *4 (E.D.Mich. Mar. 9, 2006)* (unpublished) (quoting *Rodriguez v Spencer, 412 F.3d 29, 36 (1st Cir. 2005), cert. denied, 546 U.S. 1142, 126 S.Ct. 1151, 163 L.Ed.2d 1007 (2006)).* As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, *and must collaterally attack the relevant conviction or sentence." Id.* ( citing *Sibley v. Culliver, 377 F.3d 1196, 1200 (11th Cir. 2004)*, in turn citing *Voravongsa v. Wall, 349 F.3d 1, 6 (1st Cir. 2003), cert. denied, 541 U.S. 963, 124 S.Ct. 1724, 158 L.Ed.2d 407 (2004))* (emphasis added).  In other words, the application must seek "review" of the "judgment pursuant to which [the petitioner] is incarcerated" to trigger the applicability of *§2244(d)(2)'s tolling provision. Id.; see also Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); Branham v. Ignacio, 83 Fed.Appx. 208, 209 (9th Cir. Dec. 11, 2003)* (not published in Federal Reporter), *cert. denied, 541 U.S. 1077, 124 S.Ct. 2423, 158 L.Ed.2d 990, (2004); Johnson v. Lewis, 310 F.Supp.2d 1121, 1125 (C.D.Cal. 2004).*
>
>> ...[C]ourts have refused to extend the tolling provision set forth in *28 U.S.C. §2244(d)(2)* to mandamus petitions seeking to have state court take action on a matter, *Moore, 298 F.3d at 366-67; Webb v. Cason, No. 02-CV-72788-DT; 2003*

> > *U.S.Dist LEXIS 9681, 2003 WL 21355910, at \*4 (E.D.Mich. May 30, 2003)* (unpublished)*, aff'd, 115 Fed.Appx. 313 (6th Cir. Dec.17, 2004)* (not published in Federal Reporter), *cert. denied, 545 U.S. 1120, 125 S.Ct. 2919, 162 L.Ed.2d 305 (2005);* petitions for executive clemency under state law, *Malcolm v. Payne, 281 F.3d 951 (9th Cir. 2002)*; motions for evidentiary materials and transcripts filed with the court, *Lloyd v. VanNatta, 296 F.3d 630 (7th Cir. 2002), cert. denied, 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003); Hodge v. Greiner, 269 F.3d 104, 107 (2nd Cir. 2001);* motions for appointment of counsel, *Voravongsa, 349 F.3d at 6-7*; and motions to correct the record, *Witkowski, supra, 2006 U.S. Dist. LEXIS 13363, 2006 WL 618891, at \*4.* Although this case poses a closer question, the Court similarly concludes that because petitioner's motions for judicial release did not seek collateral review of the underlying judgment or sentence that resulted in petitioner's incarceration, the statute of limitations was not tolled under *§2244(d)(2)* during the time they were pending in the state courts.
> 
> *Fleming v. Lazaroff, 2006 U.S.Dist. LEXIS 43911, 2006 WL 1804546 (S.D.Ohio June 28, 2006)* (footnote omitted); *see also Tomilson v. Lazaroff, 2008 U.S.Dist. LEXIS 54569, 2008 WL 2796549 (S.D. Ohio July 16, 2008)* (same).

Baker v. Wolfe, Case No. 2:07CV1059, 2008 U.S.Dist. LEXIS 86638 (S.Dist.OH 2008). Accord, Clark v. Eberlin, Case No. 5:08CV1461, 2008 U.S.Dist. LEXIS 71364 (N.Dist.OH 2009) (M.J. White) (A motion for judicial release pursuant to Ohio Revised Code §2929.20 is not an application for collateral review for purposes of tolling the AEDPA statute of limitations.)

The limitations period continued to run until April 9, 2008, the date upon which petitioner filed his motion to withdraw his plea of guilty, by which time 327 days had passed. The tolling continued until the appellate court dismissed his appeal sua sponte on res judicata grounds, and the 45 day time period within which an appeal to the Ohio Supreme Court could have been filed, or

February 5, 2009. The period began to run again on the following day, and continued for another 38 days, expiring on March 16, 2009.

The limitations period had been expired for 10 days prior to petitioner's filing his March 26, 2009 motion for delayed appeal with the state supreme court, so that motion could not toll or revive an expired statute of limitations.

In light of the fact that this petition was not filed until August 27, 2009, more than five months after the one-year period expired, it was untimely.

When the expiration of the limitations period is coupled with the failure of petitioner to establish extraordinary circumstances necessary to support equitable tolling, this petition must be deemed time-barred pursuant to 28 U.S.C. § 2244 (d)(1) and, therefore, this Court recommends that it be dismissed.


                                         s/DAVID S. PERELMAN
                                         United States Magistrate Judge


DATE:   December 9, 2009


**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).