UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CHARLES IMBURGIA,                             :     CASE NO. 1:09-CV-2009
                                              :
            Petitioner,                       :
                                              :
vs.                                           :     ORDER & OPINION
                                              :     [Resolving Doc. Nos. 1, 7, 8, 9, 10, 11]
MARGARET BRADSHAW, Warden,                    :
                                              :
            Respondent.                       :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 27, 2009, Petitioner Charles Imburgia filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Imburgia seeks relief from the judgment and sentence that an Ohio state court imposed following his pleading guilty to three counts of rape and two counts of unlawful sexual conduct with a minor. [*See id.*] Respondent Warden Margaret Bradshaw moves to dismiss the petition as time-barred. [Doc. 7.] The Petitioner opposes the Respondent's motion to dismiss. [Doc. 8.]

On December 9, 2009, Magistrate Judge David S. Perelman filed a Report and Recommendation that recommended the Court dismiss Imburgia's petition for a writ. [Doc. 9.] On February 2, 2010, the Petitioner moved for an extension of time to file his objections to the Report and Recommendation. [Doc. 10.] The Petitioner then filed his objections on February 18, 2010. [Doc. 11.] The Court **GRANTS** in part the Petitioner's motion for an extension of time [Doc. 10], and will consider the Petitioner's objections as timely filed on February 18, 2010.

-1-

Case No. 1:09-CV-2009
Gwin, J.

For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** the Respondent's motion to dismiss, and **DISMISSES** Imburgia's petition for a writ of habeas corpus.

### I. Background

In this habeas action, Petitioner Charles Imburgia challenges the constitutionality of his Ohio state court conviction and sentence. The Respondent argues that Imburgia's petition should be dismissed as time-barred.

On April 5, 2005, a Cuyahoga County grand jury indicted Petitioner Imburgia, charging thirty-eight counts of rape, nineteen counts of gross sexual imposition, twenty counts of sexual battery, and twenty counts of unlawful sexual conduct with a minor, in violation of Ohio Rev. Code §§ 2907.02-2907.05. [Doc. 7-1 at 1-97.] On January 9, 2006, represented by counsel, Imburgia pleaded guilty to three counts of rape and two counts of improper sexual conduct with a minor. The remaining counts were nolled. [Doc. 7-1 at 98-99.]

Prior to Imburgia's sentencing hearing, and represented by new counsel, Imburgia moved the trial court to vacate his guilty plea. [Doc. 7-1 at 100-107.] In his motion, Petitioner Imburgia argued that the trial court had failed to adequately instruct him regarding post-release control. [*Id.*] On February 24, 2006, the trial court held a hearing and denied the Petitioner's motion to withdraw his guilty plea. [Doc. 7-1 at 117.] The court then sentenced Petitioner Imburgia to six years incarceration on each rape count and three years incarceration on each count of improper sexual conduct with a minor, all to be served concurrently. [Doc. 7-1 at 118.] Also on February 24, 2006, the trial court conducted a sexual predator classification hearing and adjudicated Petitioner Imburgia a sexual predator. [Doc. 7-1 at 120.]

Case No. 1:09-CV-2009
Gwin, J.

On March 21, 2006, Petitioner Imburgia, through counsel, filed a timely notice of appeal to Ohio's Eighth District Court of Appeals. [Doc. 7-2 at 1.] In his appellate brief filed July 18, 2006, Petitioner Imburgia made three assignments of error:

> 1. The trial court erred when it denied the Appellant's motion to withdraw his pleas because they were not knowingly, intelligently, and voluntarily entered.
>
> 2. The trial court erred when it denied the Appellant's motion to withdraw his pleas because the appellant was denied effective assistance of counsel at the plea hearing.
>
> 3. The trial court erred when it found the appellant to be a sexual predator because the sex offenders statute is unconstitutional.

[Doc. 7-2 at 6.] In his appellate brief, Imburgia argued that the trial court erred in overruling his motion to withdraw his guilty pleas because it failed to inform him of the mandatory five-year period of post-release control at the plea hearing. He argued that his trial counsel was ineffective for failing to object to the same at the plea hearing.

The state filed an opposition brief on September 25, 2006. [Doc. 7-2 at 62.] Imburgia filed a reply brief on October 17, 2006. [Doc. 7-3 at 1.] On February 12, 2007, the Ohio Court of Appeals, Eighth Appellate District, denied Imburgia's appeal, holding that the trial court did not abuse its discretion in denying Imburgia's motion to withdraw his guilty pleas; that Imburgia had not shown that trial counsel's performance was deficient or that his counsel's actions were prejudicial; and that Imburgia's sexual predator classification is civil, not criminal, in nature, and thus does not raise *Apprendi* issues. [Doc. 7-3 at 39-51.]

Imburgia then filed a timely appeal, *pro se*, to the Ohio Supreme Court on March 19, 2007. [Doc. 7-3 at 52.] In his appeal to the Ohio Supreme Court, Imburgia raised essentially the same three assignments of error as on direct appeal to the Ohio Eighth District Court of Appeals. [Doc. 7-3 at

-3-

Case No. 1:09-CV-2009
Gwin, J.

59-67.] The state waived filing a response brief. [Doc. 7-3 at 89.] On May 4, 2007, Imburgia filed a motion to withdraw his appeal. [Doc. 7-3 at 90.] On May 10, 2007, the Ohio Supreme Court granted Imburgia's motion and dismissed his appeal. [Doc. 7-4 at 1.]

On August 2, 2007, Imburgia filed a motion for judicial release pursuant to Ohio Revised Code § 2929.20 in the Cuyahoga County Court of Common Pleas. [Doc. 7-4 at 2.] Imburgia says this motion is still pending. [Doc. 1 at 3.]

On April 9, 2008, Imburgia, *pro se*, filed a post-conviction motion to withdraw his guilty plea. [Doc. 7-4 at 15.] In his motion, Imburgia argued that the trial court should vacate his guilty plea because it was coerced and because his trial counsel was ineffective. Imburgia claims that on January 7, 2006, his trial counsel told him that only a hearing on Imburgia's motion to continue trial was scheduled for January 9, 2006. [Doc. 7-4 at 19.] Imburgia further claims that on January 9, 2006, his trial counsel informed him that the court was ready to conduct a jury trial and advised Imburgia to enter a guilty plea because if convicted at trial, he would face life imprisonment. [Doc. 7-4 at 19-20.] Imburgia says that his counsel also assured him that he would be able to withdraw his guilty plea before sentencing. [Doc. 7-4 at 20.] Imburgia argued that his trial counsel was ineffective and that counsel conspired with the prosecution to coerce Imburgia into entering a guilty plea. [Doc. 7-4 at 20-22.][1/]

On November 17, 2008, the Cuyahoga County Court of Common Please denied Imburgia's motion to withdraw his guilty plea, holding that Imburgia had not shown that his plea was coerced or that his original counsel was ineffective, and that his claims were barred by *res judicata* because

---

[1/] Imburgia says that because the trial court did not timely rule on his post-conviction motion to vacate his guilty plea, he filed a Petition for Writ of Procedendo with the Eighth District Court of Appeals requesting them to order a ruling. [*See* Doc. 7-4 at 75, Doc. 1 at 4.] This Petition does not appear in the record before this Court.

Case No. 1:09-CV-2009
Gwin, J.

Imburgia could have raised them in his first motion to vacate his guilty plea or on direct appeal. [Doc. 7-4 at 57-63.]

On December 11, 2008, Imburgia filed a notice of appeal to the Eighth District Court of Appeals. [Doc. 7-4 at 64.] The Court of Appeals *sua sponte* dismissed Imburgia's appeal based upon *res judicata* on December 22, 2008. [Doc. 7-4 at 71.]

On March 26, 2009, Imburgia filed a notice of appeal to the Ohio Supreme Court. [Doc. 7-4 at 72.][2/] Imburgia simultaneously filed a motion for a delayed appeal. [Doc. 7-4 at 74.] On May 6, 2009, the Ohio Supreme Court denied Imburgia's motion and dismissed his appeal. [Doc. 7-4 at 81.]

On August 27, 2009, Petitioner Imburgia filed a *pro se* petition for a writ of habeas corpus in this Court. [Doc. 1.] In his petition, Imburgia raises three grounds for relief:

> 1. The Defendant's Guilty Pleas were invalid since the trial court failed to advise him of mandatory post-release control, and the consequences of violating post-release control.
>
> 2. The Defendant's motion to vacate his plea prior to sentencing should be freely allowed.
>
> 3. For violations of and under Article IV. & VI., and the First, Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution and Article I., §§§ 1., 2., 3., 5., 6., 9., 10., 11., 14., 16., and 20., of the State of Ohio [sic].

[Doc. 1 at 6-9.] In support of his petition, Petitioner Imburgia "incorporated by reference" those arguments and supporting facts he made in his post-conviction motion to vacate his guilty plea. [*Id.*]

On November 25, 2009, Respondent Warden Margaret Bradshaw filed a motion to dismiss

---

[2/]Imburgia claims that he attempted to filed a Notice of Appeal and Memorandum in Support to the Ohio Supreme Court on January 30, 2009. [*See* Doc. 7-4 at 75.] These documents also do not appear in the record before the Court.

-5-

Case No. 1:09-CV-2009
Gwin, J.

the petition as time-barred. [Doc. 7.] The Petitioner opposed this motion. [Doc. 8.] On December 9, 2009, Magistrate Judge David S. Perelman issued a Report and Recommendation, recommending that the Court grant the Respondent's motion and dismiss Imburgia's petition as time-barred pursuant to 28 U.S.C. § 2244(d). [Doc. 9.] On February 18, 2010, Petitioner Imburgia filed his "Objection and Request for Reconsideration to the Report and Recommendation," asking the Court to apply equitable tolling due to "extraordinary circumstances" and to grant his petition for habeas corpus. [Doc. 11.]

**II. Legal Standard**

A. Federal Magistrates Act

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Here, Petitioner Imburgia objected to all of Magistrate Judge Perelman's recommendations, and this Court therefore reviews *de novo* the Report and Recommendation in its entirety.

B. The Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined

Case No. 1:09-CV-2009
Gwin, J.

by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Under the 'unreasonable application' clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Where a state court did not adjudicate a federal constitutional claim on the merits, however, AEDPA deference does not apply. *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009); *Brown v. Smith,* 551 F.3d 424, 429 (6th Cir. 2008). In such cases, a federal court applies the pre-AEDPA standard of review and reviews questions of law *de novo* and questions of fact for clear error. *Evans,* 575 F.3d at 564; *Brown,* 551 F.3d at 430; *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

C. Statute of Limitations

An application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution

Case No. 1:09-CV-2009
Gwin, J.

or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year period, however, is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2); *See Fitts*, 626 F. Supp. 2d at 727. "The tolling provision does not, however 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

**III. Analysis**

Respondent Warden Bradshaw moves the Court to dismiss Imburgia's petition as time-barred because it was not filed within the one-year AEDPA statute of limitations period. In his Report and Recommendation, Magistrate Judge Perelman also recommends that the petition be dismissed as untimely filed. Petitioner Imburgia objects to the Magistrate Judge's recommendation and argues that the court should apply equitable tolling and consider his petition as timely filed. For the following reasons, the Court finds that Imburgia's petition was not timely filed and that equitable tolling does not apply.

A. Tolling of Statute of Limitations with Motions

Case No. 1:09-CV-2009
Gwin, J.

Under AEDPA, a petitioner ordinarily has one year from the date his state court conviction becomes final in which to file a petition for habeas corpus. 28 U.S.C. § 2244(d)(1)(A).[3/] In this case, the statute of limitations for filing a petition for habeas corpus began to run once the Ohio Supreme Court granted Imburgia's motion to withdraw his appeal on May 17, 2007.[4/] Absent any tolling, it would have then expired one year later, on May 17, 2008.

However, Imburgia filed several post-conviction motions in the Ohio courts. The Court will consider in turn whether any of these motions tolled the AEDPA statute of limitations.

*1. Motion for Release from Custody*

Petitioner Imburgia filed a motion for Judicial Release on August 2, 2007. [Doc. 7-4 at 2.] This motion did not toll the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2)(emphasis added). Accordingly, only a state post-conviction motion challenging the state conviction or sentence will toll the AEDPA statute of limitations. *See Baker v. Wolfe*, 2008 WL 4283355, at *3 (S.D. Ohio Sept. 16, 2008); *Witkowski v. Vasbinder*, 2006 WL 618891, at *4 (E.D. Mich. March 9, 2006); *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005); *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002). A motion for judicial release is not a collateral attack on the underlying conviction or sentence, and thus does not toll the AEDPA statute of limitations. *See Clark v. Eberlin*, 2009 WL

---

[3/] As discussed above, Section 2244(d)(1)(B)-(D) provides three situations in which the statute of limitations period may begin to run at a later date. The Court finds that none of these exceptions is applicable in this case.

[4/] Because Imburgia voluntarily dismissed his appeal to the Ohio Supreme Court, he would have had no basis on which to seek certiorari review by the Supreme Court.

-9-

Case No. 1:09-CV-2009
Gwin, J.

2513553, at *5 (N.D. Ohio Aug. 13, 2009); *Baker*, 2008 WL 4283355, at *2-3; *Tomilson v. Lazaroff*, 2008 WL 2796549, at *2-3 (S.D. Ohio July 16, 2008); *Fleming v. Lazaroff*, 2006 WL 1804546, at *3-4 (June 28, 2006). Therefore, the AEDPA statute of limitations is not tolled during the pendency of Imburgia's motion for judicial release.

    *2. Post-conviction Motion to Withdraw Guilty Plea*

On April 9, 2008, Imburgia filed a post-conviction motion to withdraw his guilty plea. [Doc. 7-4 at 15.] As this motion challenged Imburgia's state court conviction and sentence, it does have a tolling effect on the AEDPA statute of limitations. The appellate court sua sponte dismissed Imburgia's appeal on December 22, 2008. After that date, Imburgia had 45 days to appeal the appellate court's decision to the Ohio Supreme Court. Accordingly, the AEDPA statute of limitations was tolled from the date Imburgia filed his motion, April 9, 2008, until 45 days after the appellate court issued its opinion, February 5, 2009, or for 302 days.

As described above, absent tolling, Imburgia's AEDPA statute of limitations period would have expired on May 17, 2008. The filing of the motion to withdraw his guilty plea tolled the limitations period for 302 days, or until March 15, 2009.[5] Absent additional tolling, therefore, Imburgia's petition would be untimely unless filed by March 15, 2009.

    *3. Motion for Leave to File Delayed Appeal*

As discussed above, Petitioner Imburgia had forty five days to appeal the Ohio Appellate Court's December 22, 2008 dismissal of his appeal. However, Imburgia did not file his motion for

---

[5] Stated differently, Imburgia's AEDPA statute of limitations period began to run on May 18, 2007. 328 days later, on April 9, 2008, Imburgia filed his motion to withdraw his guilty plea. Accordingly, only 37 days remained in the limitations period when it began to run again on February 6, 2009. Absent additional tolling, the AEDPA limitations period therefore would have expired 37 days later, on March 15, 2009.

-10-

Case No. 1:09-CV-2009
Gwin, J.

a delayed appeal until more than 3 months later, on March 26, 2009. As described above, the AEDPA limitations period expired on March 15, 2009. Even a "properly filed application for State post-conviction or other collateral review" cannot "revive" the limitations period once it has already run. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998))("Once the limitations period is expired, collateral petitions can no longer serve to avoid statute of limitations"). Accordingly, because Imburgia filed his motion for leave to file a delayed appeal to the Ohio Supreme Court after the expiration of his one year AEDPA statute of limitations period, this motion has no tolling effect.[6]

B. Equitable Tolling

Imburgia argues that the Court should apply equitable tolling to bring his petition within the AEDPA limitations period. Equitable tolling is used sparingly by federal courts. *Sudberry v. Warden, Southern Ohio Correctional Facility*, 626 F. Supp. 2d 767, 772 (S.D. Ohio 2009) (quoting *Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). Typically, equitable tolling applies only when a claimant's failure to meet a legally-mandated deadline arises from circumstances beyond his or her control. Courts are generally much less forgiving when a claimant failed to exercise due diligence in preserving his or her legal rights. *Sudberry*, 626 F. Supp. 2d at 772 (quoting *Graham-Humphreys*

---

[6] In his Objection to the Magistrate Judge's Report and Recommendation, Imburgia argues that he attempted to file his appeal on time, and then attempted to file a first motion for a delayed appeal within the limitations period. This court does not review state court decisions regarding procedural matters with respect to state post-conviction motions, including whether such motions were procedurally proper or timely filed. *See Vroman v. Brigano*, 346 F.3d 598, 603-04 (6th Cir. 2003).

Even if this Court were to assume that Imburgia's appeal was filed within the AEDPA statute of limitations, and were to toll the time during which his post-conviction appeal to the Ohio Supreme Court was pending, tolling would stop on the date on which the Ohio Supreme Court dismissed Imburgia's appeal, May 26, 2009. As described above, 328 days lapsed before Imburgia filed his post-conviction motion to withdraw his guilty plea. *See* note 5, *supra*. Thus, when the statute of limitations started to run again, only 37 days remained in limitations period. Accordingly, even if the Court were to toll all the time from when Imburgia filed his post-conviction motion to withdraw his guilty plea until the date that the Ohio Supreme Court dismissed the appeal, Imburgia's petition would still be untimely, as he filed it on August 27, 2009, 3 months after the date on which the Ohio Supreme Court dismissed his post-conviction appeal.

Case No. 1:09-CV-2009
Gwin, J.

*v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). Courts are reluctant to extend the statute of limitations unless there is a compelling equitable consideration. *Sudberry, 626 F. Supp. 2d at 772-73*. The petitioner has the burden of proof of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004)*.

The Sixth Circuit has found equitable tolling to be appropriate in two circumstances: (1) when the petitioner makes a credible showing of actual innocence; and (2) under the five-factor test established in *Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001)*. *Steward v. Moore, 555 F. Supp. 2d 858, 870-71 (N.D. Ohio 2008)*. The Court will consider each of these situations in turn.

*2. Actual Innocence*

Petitioner Imburgia does not raise an actual innocence argument in his Objection to the Magistrate Judge's Report and Recommendations. [*See* Doc. 11.] However, Imburgia did raise an actual innocence claim in his opposition to the Respondent's Motion to Dismiss. [Doc. 8.]

Equitable tolling arises in rare circumstances through "credible claims of actual innocence." *Fitts v. Eberlin, 626 F. Supp. 2d 724, 732 (N.D. Ohio 2009)* (quoting *Souter v. Jones, 395 F.3d 577, 600 (6th Cir. 2005)*. In these cases, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Souter, 395 F.3d at 590* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo, 513 U.S. 298, 324 (1995)*)

In his petition and brief, Imburgia fails to provide any new evidence of his actual innocence. Imburgia "claims actual innocence of all charges against him" and claims that "there exists 'No'

-12-

Case No. 1:09-CV-2009
Gwin, J.

evidence whatsoever to substantiate that the alleged crimes ever even took place." [Doc. 8 at 2.] Imburgia further claims that he "was not in the presence of the accuser for many of the dates listed in the indictment" and that "the accuser was, is, respectfully, a disgruntled individual with a history of extremely negative behavior as well as a history for lying." [*Id.*] Imburgia argues that he was "convicted only by coercion, blackmail, and extortion by a ninety seven count indictment; petitioner's life was literally threatened into a plea agreement." [*Id.*] Imburgia made similar arguments in his state post-conviction motion to withdraw his guilty plea. A petitioner arguing actual innocence must offer new, reliable evidence that supports his claim. *Steward*, 555 F. Supp. 2d at 878. Imburgia's continuing denial that he performed the charged acts does not constitute new, reliable evidence of actual innocence. Imburgia offers no new evidence in his habeas petition or objections in support of his claim of actual innocence. Accordingly, the Court finds that the Petitioner has not made a credible claim of actual innocence and will not apply equitable tolling on this basis.

*2.* Dunlap *factors*

In determining whether equitable tolling applies absent a valid claim of actual innocence, the Sixth Circuit has identified five factors that a court should consider: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

In Petitioner Imburgia's Objection to the Magistrate Judge's Report and Recommendation, he does not argue a lack of actual or constructive knowledge of the filing requirement. [*See* Doc.

-13-

Case No. 1:09-CV-2009
Gwin, J.

11.] The Sixth Circuit has held that the AEDPA statute itself gives constructive notice of the one-year statute of limitations and that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen*, 366 F.3d at 403. Accordingly, Imburgia is not entitled to equitable tolling under either the first, second, or fifth prongs of the *Dunlap* test. *See Fitts*, 626 F. Supp. 2d at 730. Petitioner Imburgia appears to have missed the deadline based on a lack of due diligence, which is not a basis for applying equitable tolling.

In his Objection, Imburgia argues that he is entitled to equitable tolling due to the common pleas court's delay in deciding his post-conviction motion. [Doc. 11 at 3-4.] However, as described above, Imburgia's AEDPA statute of limitations was tolled for 302 days during the pendency of both his post-conviction motion to withdraw his guilty plea and his subsequent appeal of the common pleas court's decision. *See* Part II.A.2, *supra*. Imburgia also seems to argue that he diligently pursued his rights because he filed a civil suit on October 29, 2007 and because he attempted to file a timely appeal and an earlier motion for delayed appeal to the Ohio Supreme Court. However, this argument focuses on Imburgia's attempt to diligently pursue his rights in Ohio state post-conviction proceedings. Imburgia does not address his lack of diligence in timely filing a petition for federal habeas relief. *See Vroman*, 346 F.3d at 605. As described above, the Ohio Supreme Court dismissed Imburgia's motion for a delayed appeal on May 26, 2009. Imburgia did not file his petition for a writ of habeas corpus until August 27, 2009, more than two months after his AEDPA statute of limitations had run. Imburgia has shown no excuse for his failure to diligently pursue federal habeas relief.

Finally, "[t]he fourth factor, whether respondent was prejudiced by the delay in filing, is irrelevant here. Absence of prejudice is a factor to be considered only after a factor that might justify

Case No. 1:09-CV-2009
Gwin, J.

tolling is identified." *Jurado v. Burt*, 337 F.3d 638, 644-645 (6th Cir. 2003).

Accordingly, the Court finds that equitable tolling is not appropriate in this case either under the five factor test identified in *Dunlap* or pursuant to a claim of actual innocence.

### IV. Conclusion

For the foregoing reasons, the Court finds that Imburgia's petition is untimely under 28 U.S.C. § 2244(d) and that equitable tolling is not appropriate in this case. The Court therefore **ADOPTS** the Report and Recommendation of Magistrate Judge Perelman and **DISMISSES** Petitioner Imburgia's petition for a writ of habeas corpus.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: April 22, 2010        *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE